ROSCOE PETERS DAWSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ROBERT B. DAWSON, JR. and MARY E. DAWSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dawson v. Commissioner
Docket Nos. 2056-78, 2080-78.
United States Tax Court
T.C. Memo 1981-618; 1981 Tax Ct. Memo LEXIS 113; 42 T.C.M. (CCH) 1516; T.C.M. (RIA) 81618; October 26, 1981. *113 Held, determinations by the Commissioner as to the amounts of profits and losses realized by Ps from two businesses sustained since Ps failed to produce evidence to refute the determinations. Roscoe Peters Dawson, pro se in docket No. 2056-78. Robert B. Dawson, Jr., pro se in docket No. 2080-78. Alvin v. Sherron, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in the petitioners' Federal income taxes: Addition to Tax
Sec. 6653(a)
Petitioner
Year
Deficiency
I.R.C. 1954 [1]
Roscoe Peters Dawson
1972
$ 97
$ 5
1973
961
48
1974
1,209
60
Robert B. Dawson Jr.,
1972
917
46
and Mary E. Dawson
1973
1,536
77
1974
2,273
114
The Commissioner concedes that the petitioners are not liable for the additions to tax determined by him. After other concessions by the Commissioner and the petitioners, the only issue to be decided is the amount of profits or losses realized by Roscoe Dawson and Robert *114 Dawson from certain businesses. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Petitioner Roscoe Peters Dawson maintained his legal residence in Los Angeles, Calif., when he filed his petition in this case. He timely filed individual Federal income tax returns for 1972, 1973, and 1974 with the Internal Revenue Service, Fresno, Calif. Petitioner Robert B. Dawson, Jr., maintained his legal residence in West Covina, Calif., and petitioner Mary E. Dawson maintained her legal residence in Covina, Calif., when they filed their joint petition in this case. They timely filed joint Federal income tax returns for 1972, 1973, and 1974 with the Internal Revenue Service, Fresno, Calif.
Petitioners Roscoe and Robert Dawson are brothers. During 1972, they conducted, together with another individual, a business which was known as "Johnny's Originals" and which made women's clothing. During 1973 and 1974, they conducted, with another individual, a business known as "Osten Ice Cream" which sold ice cream at retail. On his individual returns for 1972, 1973, and 1974, Roscoe Dawson reported the following business income and expenses: Year
Business
Income
Expenses
Difference
1972
Johnny's Originals
$ 1,209
$ 5,419
($ 4,210)
1973
Osten Ice Cream
900
7,787
( 6,887)
1974
Osten Ice Cream
900
6,765
( 5,865)
*115 Roscoe Dawson deducted the excess of expenses over income as a loss in each year. On their joint returns for 1972, 1973, and 1974, Robert and Mary Dawson reported the following business income and expenses: Year
Business
Income
Expenses
Difference
1972
Jonny's Originals
$ 4,129
$ 10,708
($ 6,579)
1973
Osten Ice Cream
900
8,180
( 7,280)
1974
Osten Ice Cream
9,440
( 9,440)
Robert and Mary Dawson also deducted the excess of expenses over income as a loss in each year. In his notices of deficiency, the Commissioner determined that Johnny's Originals incurred a loss of $ 9,970.62 in 1972, and that Osten Ice Cream incurred losses of $ 7,809.30 in 197o and $ 1,862.15 in 1974. Of the loss incurred by Johnny's Originals, the Commissioner determined that Roscoe Dawson was entitled to deduct $ 3,324.00 and that Robert and Mary Dawson were entitled to deduct the same amount. Of the loss incurred by Osten Ice Cream for 1973, he determined that Roscoe Dawson was entitled to deduct $ 3,083.00 and that Robert and Mary Dawson were entitled to deduct $ 1,643.00. Finally, with respect to 1974, the Commissioner determined that Roscoe Dawson was *116 entitled to deduct a loss of $ 946.00 from Osten Ice Cream and that Robert and Mary Dawson should have reported income of $ 28 from such business. In determining that Robert and Mary Dawson were not entitled to deduct as much as Roscoe Dawson for 1973 and that Robert and Mary Dawson should have reported income for 1974, the Commissioner determined that Roscoe paid a greater share of expenses of Osten Ice Cream than did Robert. OPINION The only issue to be decided is the amount of profits or losses realized by Roscoe Dawson and Robert Dawson from Johnny's Originals and Osten Ice Cream. The petitioners have the burden of showing that the determinations of the Commissioner were erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933). The petitioners presented no persuasive evidence to refute the determinations of the Commissioner. The only evidence introduced by them was the testimony of Roscoe and Robert Dawson, but such testimony was overly vague. The Dawson brothers testified that in operating Johnny's Originals and Ostem Ice Cream, they incurred numerous expenses which were not reflected on the books of *117 such businesses. However, when they attempted to specify such expenses, they were unable to provide details about them, such as exactly when expenditures were made or precisely who was paid. On the whole, their testimony was conclusory and unconvincing, and it does not refute the determinations of the Commissioner. At trial, the Dawsons recognized that their testimony was vague and that documentary evidence was needed as corroboration. However, they claimed that the failure to produce documentary evidence was not the fault of the petitioners because records which would corroborate the additional expenses were stolen from them in 1978. They explained that such records had been kept in an office next door to the location of Johnny's Originals, that they and their associates were evicted from the office in 1978, and that the landlord seized the records in the eviction and has since refused to return them. Such explanation of the failure to produce records is not helpful. The petitioners produced no evidence of any attempts to secure the records from the landlord. They testified that they had heard that the landlord had disposed of the records, but such second-hand information *118 does not justify their failure to make an earnest attempt to retrieve the records. Moreover, even if the petitioners had produced their records, it is doubtful the records would have substantiated additional expenses. At trial, Frank Moore, the revenue agent who performed the audits in these cases, testified that the determinations of the income and expenses of Johnny's Originals and Osten Ice Cream in the notices of deficiency are merely summaries of records furnished earlier by the petitioners. He stated that, for the audits, the petitioners produced the books of the businesses as well as their personal records. Hence, since the determinations in the notices of deficiency are based on the petitioners' records, the petitioners have been allowed all the deductions to which they were entitled unless the petitioners failed to produce all their records for the audits. We have no reason to believe that they held back any records. Since the petitioners have produced no reliable evidence to refute the determinations made by the Commissioner, and in view of the concessions by the parties, Decisions will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩